**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JUSTINO M. RAMOS,

    Petitioner,

-vs-                                                   Case No.  8:11-CV-1791-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Before the Court is Petitioner's Petition for Certificate of Appealability (Dkt. 45). "A certificate of appealability may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

When the Court denied Petitioner's 28 U.S.C. § 2254 petition, it also determined that Petitioner was not entitled to a certificate of appealability (see Dkt. 41 at pgs. 12-13).[1]

---

[1] See Rule 11(a), Rules Governing Habeas Corpus Cases under Section 2254 (2012) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

Nothing in Petitioner's Petition for Certificate of Appealability convinces the Court that Petitioner has made a substantial showing of the denial of a constitutional right.

Accordingly, the Court **ORDERS** that Petitioner's Petition for Certificate of Appealability (Dkt. 45) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 9, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record